12/13/2004 16:53   6318458779                  ROBERT L FOLKS                    PAGE 02
Case 2:04-cv-01066-LDW-JO   Document 11   Filed 01/27/05   Page 1 of 6 PageID #: 142

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELVIN SCHWINGER, *et al.*, | ) 02 CV 2017 (LDW, JO) |
| Plaintiffs, | ) |
| v. | ) |
| VERIZON, INC., *et al.*, | ) |
| Defendants. | ) |
| MELVIN SCHWINGER, *et al.*, | ) 02-CV-6530 (LDW, JO) |
| Plaintiffs, | ) |
| v. | ) |
| VERIZON, INC., *et al.*, | ) |
| Defendants. | ) |
| MELVIN SCHWINGER, *et al.*, | ) |
| SETH SCHWINGER, *et al.*, | ) 04 CV 1066 (LDW, JO) |
| Plaintiffs, | ) |
| v. | ) |
| VERIZON COMMUNICATIONS INC., *et al.*, | ) |
| Defendants. | ) |

| | |
|---|---|
| AUDREY BENNET, *et al.*, | ) |
| Plaintiffs, | ) 02 CV 1512 (LDW, JO) |
| v. | ) |
| VERIZON COMMUNICATIONS INC. *et al.* | ) |
| Defendants. | ) |
| AUDREY BENNET, *et al.*, | ) |
| Plaintiffs, | ) 04 CV 1065 (LDW, JO) |
| v. | ) |
| VERIZON COMMUNICATIONS INC., *et al.* | ) |
| Defendants. | ) |

## STIPULATION AND ORDER

WHEREAS Plaintiffs in the above-referenced actions and defendants Verizon Communications Inc., GTE Corporation, GTE Products of Connecticut Corporation, GTE Operations Support Incorporated (the "GTEOSI Defendants") have agreed upon the terms of a Settlement Agreement and Release;

WHEREAS, pursuant to the Settlement Agreement, Plaintiffs and their counsel, Sullivan Papain Block McGrath & Cannavo P.C., ("Plaintiffs' Counsel") are solely responsible for the allocation of the Settlement Fund (as that term is defined in the Settlement Agreement) among Plaintiffs;

WHEREAS, pursuant to paragraphs 7, 13 and 17 of the Settlement Agreement, Plaintiffs are solely responsible for all costs and expenses associated with the administration of the Settlement Agreement and, pursuant to paragraph 12 of the Settlement Agreement, the GTEOSI Defendants are expressly not responsible for any costs or expenses beyond the amount of the Settlement Fund;

WHEREAS, Plaintiffs have proposed that the allocation of the Settlement Fund be carried out by a special master (the "Special Master");

WHEREAS, pursuant to the Settlement Agreement, Plaintiffs' Counsel, in their sole discretion and utilizing any independent settlement administrator or other advisor selected by them, shall, as soon as practical, develop a preliminary written plan allocating the Settlement Fund among the Plaintiffs;

WHEREAS, the parties have since agreed, after having consulted with the Court, that Plaintiffs' plan will be a proposal and will be non-binding upon the master;

WHEREAS, the Settlement Agreement expressly recognizes that the Plaintiffs have the right to retain an advisor or other Person to assist in the preparation of the Allocation Plan or the distribution of the Settlement Fund;

WHEREAS, the Court has directed that it will appoint a Special Master to allocate the Settlement Fund among Plaintiffs; and

WHEREAS, the Court has requested that the GTEOSI Defendants agree to guarantee the payment of the Special Master's fees and expenses in the event that Plaintiffs -- who are solely responsible for the payment of such fees --fail to make timely payment for any reason;

NOW THEREFORE: the parties hereby stipulate and agree as follows:

1. Plaintiffs are solely responsible for paying the fees and expenses of the Special Master, including in the event that the settlement is not concluded for any reason;

2. The Parties hereby agree that the total fees and expenses for the Special Master shall not exceed $150,000;

3. Plaintiffs' Counsel agree to pay promptly all invoices of the Special Master for fees and expenses up to a total amount of $150,000 as ordinary disbursements on behalf of their clients;

4. Notwithstanding the foregoing, the GTEOSI Defendants agree to guarantee the payment by Plaintiffs' Counsel of the Special Master's fees and expenses, referred to in Paragraph 2 above, up to a total amount of $150,000, and further agree as part of that guarantee, to pay any invoice of the Special Master for fees and expenses up to $150,000 that is not paid by Plaintiffs' Counsel within 30 days of the invoice date;

5. Plaintiffs and Plaintiffs' Counsel recognize and hereby acknowledge that neither the GTEOSI Defendants' guarantee set forth in paragraph 4 above, nor the payment of any invoice of the Special Master pursuant to that guarantee shall be construed as a waiver of any of their rights under the Settlement Agreement or otherwise, and neither the guarantee nor any payment by the GTEOSI Defendants thereunder shall alter the responsibility of Plaintiffs and Plaintiffs' Counsel for payment of the fees

and expenses of the Special Master or any other terms of the Settlement Agreement;

6. In the event that the GTEOSI Defendants make any payment to the Special Master pursuant to the guarantee set forth in paragraph 4 above, Plaintiffs' Counsel hereby covenants and agrees to reimburse the GTEOSI Defendants for the full amount of such payment within 10 days of receiving written notice of such payment on the part of the GTEOSI Defendants;

7. The Court shall retain jurisdiction of these cases for the purposes of enforcing the terms of this Stipulation and Order;

8. In light of the confidentiality provisions of the Settlement Agreement, the parties agree that this Stipulation and Order shall be filed under seal; and

9. The appointment of a Special Master by the Court does not otherwise affect the terms of the Settlement Agreement.

Dated: November __, 2004
New York, New York

_____
Frank Floriani (FF 4489)
Andrew Carboy (AC 2147)
SULLIVAN PAPAIN MCGRATH &
CANNAVO P.C.
120 Broadway--18th Floor
New York, New York 10271
(212) 732-9000

Attorneys for the Schwinger and
Bennet Plaintiffs

_____
Robert L. Folks (RF 8773)
ROBERT L. FOLKS & ASSOCIATES, LLP
510 Broad Hollow Road
Melville, New York 11747
(631) 845-1900

Attorneys for Defendants Verizon
Communications Inc., GTE
Corporation, GTE Products of
Connecticut Corporation, and GTE
Operations Support Inc.

It is on this _3_ day of ~~November~~ December 2004.

**ORDERED** that the complaints in the above-captioned matters are dismissed with prejudice, with each party to bear all of its own costs, expenses and attorneys' fees.

_____
Leonard D. Wexler, United States District Judge

CENTRAL ISLIP, NY
1/27/05